IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUANITA GAIL HEDGES and
MELVILLE "DUKE" HEDGES,

                        Plaintiffs,

v.                                                    Civ. No. 10-212 JCH-KBM

BRACCO DIAGNOSTICS, INC.,

                        Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss, filed March 29,

2010 [Doc. 10]. The Court, having considered the motion, brief in support, and the relevant law,

and being otherwise fully informed, finds that Defendant's motion should be GRANTED in part

and DENIED in part.

BACKGROUND

Defendant filed the instant motion on March 29, 2010, seeking to dismiss two counts of

Plaintiffs' five count Complaint for failure to state a claim.  Plaintiffs never responded to the

motion, nor did they seek an extension of time in which to respond.  This case has lain dormant

at several times since its filing, due to apparent medical and computer issues suffered by

Plaintiffs' counsel and a report of an imminent settlement that has since proven to be overly

optimistic.  The Court will therefore now decide Defendant's motion.

Under the District of New Mexico's local rules, a response to a motion must be filed

within fourteen days after service of the motion, and a failure to serve a response to the motion

within the time prescribed for doing so constitutes consent to grant the motion.  D.N.M.LR-Civ

7.1(b).  However, the Court cannot grant a motion to dismiss based solely on a plaintiff's failure

to respond.  Rather, the Court must consider the merits of the motion and grant it only if it is convinced that the motion is proper.  *See Issa v. Comp USA,* 354 F.3d 1174, 1177-78 (10th Cir. 2003); *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 (10th Cir. 2002).

This case arises from the employment and subsequent termination of Plaintiff Juanita Gail Hedges ("Ms. Hedges") by Defendant Bracco Diagnostics, Inc. ("Bracco").  Bracco hired Plaintiff in April, 2005 as a Senior Diagnostic Sales Representative, and terminated her employment on August 20, 2007.  Although Plaintiffs' Complaint is convoluted, it appears that Ms. Hedges' primary contentions are that the reasons given for her termination were a ruse to cover up the real reason for her termination–that she was providing Bracco's customers and potential customers with information on the dangers posed by some of Bracco's products--and also that Bracco sought to terminate her because of her age and gender.

Plaintiffs' Complaint lists five counts: (A) Wrongful termination in violation of public policy/Retaliatory discharge; (B) Wrongful discharge via breach of implied contract modifying the "at will" claim of Defendant; (C) Fraudulent breach of contract/Punitive damages/Promissory estoppel/Age discrimination; (D) Breach of contract/Failure to act in good faith/Failure to help Plaintiff with her bodily injury; and (E) Loss of consortium.  Defendant's motion seeks to dismiss only counts C and D for failure to state a claim.

## LEGAL STANDARD

Defendant has moved to dismiss portions of this case pursuant to Fed. R. Civ. P. Rule 12(b)(6).  Rule 12(b)(6) provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading.  A motion to dismiss should be granted if, viewing the well-pleaded factual allegations of the complaint as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

2

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In considering a Rule 12(b)(6) motion, a court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff.  *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998).  The Court will apply this standard even though Plaintiffs have not responded to Defendant's motion to dismiss.

In addressing pleading requirements, the Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citations omitted).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *id.,* and if a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed."  *Id.* at 570.  In determining whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires [it] to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions....[P]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 1949-50 (citations omitted).

In evaluating a Rule 12(b)(6) motion, the Court's function "is not to weigh potential

evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999). Certainly, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant has acted unlawfully." *Id.* As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Ashcroft*, 129 S.Ct. at 1249 (quoting *Twombly*, 550 U.S. at 557) (further citations omitted).

## ANALYSIS

1.  Count C

Defendant attacks each of the four claims raised in count C for failure to state a claim. Beginning with Plaintiffs' claim for "fraudulent breach of contract," Defendant contends that no such cause of action exists as pled by Plaintiffs. Plaintiffs' theory of recovery on this claim appears to be that:

> the breach of contract (established by the [Performance Improvement Plan]) was enveloped with and based upon [Defendant's] fraudulent conduct fraudulently putting in place a performance improvement plan which it knew, even if Plaintiff successfully met the goals of the PIP (WHICH SHE DID) [Defendant] intended to and did wrongfully breach the contract and fired Plaintiff.

Complaint, attached as Ex. 1 to Doc. 5, at 13 ¶ 25. (Emphasis in original).

Plaintiffs appear to contend that Defendant placed Ms. Hedges on a performance

4

improvement plan as a vehicle to justify its wrongful termination of her.  However, Plaintiffs'

wrongful termination, retaliatory discharge, and breach of contract claims are all contained in

counts A and B.  The facts as pled in count C may inform her claims in counts A and B, but do

not serve to create a separate cause of action.

Count C also attempts to state a claim for punitive damages.  Punitive damages are a

remedy for a cause of action, not a separate cause of action itself.  *See Mason v. Texaco, Inc.*,

948 F.2d 1546, 1554 (10th Cir. 1991) ("A punitive damage claim is not an independent cause of

action or issue separate from the balance of a plaintiff's case.").  Thus, to the extent that count C

attempts to state an independent cause of action for punitive damages, such claim is dismissed.

Plaintiffs also attempt to being a claim for promissory estoppel.  In stating their claim,

Plaintiffs use phrases such as "plaintiff was led to believe...," "she felt confident that...,"

"Plaintiff justifiably relied upon the representations of Defendant...," and "She understood her

employment was to be long term, at least a 10-year job[,] because of what was required of her

and all of the time, energy, and testing she had to undergo to obtain employment."  Complaint at

14-15 ¶ 28.  Plaintiffs conclude that "[Defendant] should be ESTOPPLE [sic] to deny the

representations and contractual emoluments."  *Id*. at 16 ¶ 28 (emphasis in original).  Although

demonstrating one's reasonable reliance on a promise is an essential element to a claim for

promissory estoppel, a plaintiff must first allege a concrete underlying promise.  *See Strata Prod.*

*Co. v. Mercury Exploration Co.*, 121 N.M. 622, 628 (N.M. 1996) (stating that one of the

"essential elements of promissory estoppel [is that]...[a]n actual promise must have been made

which in fact induced the promisee's action or forbearance.").  In their Complaint, Plaintiffs

have alleged nothing more than Ms. Hedges' subjective thoughts and beliefs about what

Defendant would or should do with respect to her employment.  They have identified no

concrete promise made by Defendant upon which Ms. Hedges detrimentally relied.  Therefore, any attempt to state a claim for promissory estoppel is dismissed.

Finally, Defendant contends that Plaintiffs' claim in count C for age discrimination should be dismissed.  It contends that Plaintiffs do not state any facts regarding alleged age discrimination in count C other than a passing reference that Defendant allegedly "wanted to hire a much younger employee" and that "the much younger woman hired by [Defendant] had no medical sales experience."  Complaint at 14-15 ¶¶ 27, 28.  Defendant argues that, in this count, Plaintiffs have failed to meet the fundamental pleading burden of alleging that Ms. Hedges was a member of a protected age group.

Certainly, pleading that one is a member of a protected age group is essential to stating an age discrimination claim.  *See Mattioda v. White*, 323 F.3d 1288, 1292-93 (10th Cir. 2003).  If Plaintiffs' claim were limited to this portion of her pleadings, this would be a fatal flaw.  However, as Defendant acknowledges, Plaintiffs have made more substantial allegations regarding age discrimination in another portion of her Complaint.  *See* Complaint at 17 ¶ 32 (specifying that Ms. Hedges was a 57 year old female, and contending that a basis of her wrongful termination was related to her gender and age).  Defendant is not moving to dismiss Plaintiffs' claims under the ADEA or NMHRA at this time.  *See* Motion to Dismiss [Doc. 10] at 5 n.3.  Instead, it is only arguing that count C should be dismissed because no claim for age discrimination is stated in that count.  However, count D, under which Plaintiffs' substantive age discrimination claim is made, mentions nothing about an age discrimination claim in its heading.  Thus, it appears that Plaintiffs' age discrimination claim is merely misplaced under count D, and should more properly be read to be under count C, which mentions age discrimination in its heading.  Reading the Complaint in this manner will cause no detriment to Defendant, which is

6

not moving to dismiss the age discrimination claims at this time, and will cure any potential confusion.  Thus, Defendant's motion to dismiss the age discrimination claim stated in count C is denied.

      2.    <u>Count D</u>

Count D alleges that Ms. Hedges called Defendant's Human Resources department to report the loss of her fingertip due to an injury received while she was traveling to a sales call. Complaint at 16 ¶ 30.  At the time she filed the Complaint, Ms. Hedges had not been reimbursed by Defendant for the costs of treating her injury, despite her contention that Defendant stated it would cover the costs of her emergency room visit, medications, and further surgeries.  *See id*. Ms. Hedges contends that Defendant did nothing to assist her with her workmen's compensation claim.  *See id*.  She seeks to recover these costs.

Plaintiffs' bodily injury claim as stated in count D appears to stem solely from her workplace injury.  As such, it must be dismissed, because the New Mexico Workers' Compensation Act ("NMWCA") provides the exclusive remedy for an employee who works for a company employing three or more workers and who is injured on the job.  *See* NMSA § 52-1-6(E) ("The Workers' Compensation Act...provides exclusive remedies.  No cause of action outside the [Act] shall be brought by an employee...against the employer...for any matter relating to the occurrence of or payment for any injury or death covered by the [Act].").  The "exclusivity provision" of the NMWCA expressly provides that the remedies in the Act shall be the "sole and exclusive remedies available to an employee for claims against [her] employer or insurer" for job-related injuries. *Dickson v. Mountain States Mut. Cas. Co.*, 98 N.M. 479, 479 (1982) (affirming dismissal of the plaintiff's complaint for failure to state a claim upon which relief can be granted due to exclusivity provision of the NMWCA).  *See also Cruz v. Liberty Mut. Ins. Co.*,

119 N.M. 301, 303 (1995) (holding that the NMWCA specifically covers actions for unfair claim processing practices and employer bad faith relating to any aspect of the Act, and provides the exclusive remedy for such claims).  Thus, Plaintiffs' count D must be dismissed.

<u>**CONCLUSION**</u>

IT IS THEREFORE ORDERED that Defendant's *Motion to Dismiss* [Doc. 10] is GRANTED in part and DENIED in part.

_____
**UNITED STATES DISTRICT JUDGE**